# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:19-CV-02-DSC

| | |
|---|---|
| CHARLES KEVIN PITTS, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>Defendant. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #12) and Defendant's "Motion for Summary Judgment" (document #14) as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Judgment on the Pleadings, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on January 7, 2019. He assigns error to the Administrative Law Judge's evaluation of the opinions from his treating orthopedists and primary physician. See

Plaintiff's "Memorandum ..." at 3, 18-20 (document #13). He also assigns error to the ALJ's evaluation of his credibility and formulation of his Residual Functional Capacity.[1] Id. at 3-18 (document #13).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" as that term is defined for Social Security purposes.[2]

Plaintiff assigns error to the ALJ's RFC analysis. The ALJ found that Plaintiff was able to perform a restricted range of light work.[3] (Tr. 21). The ALJ imposed significant limitations

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[3](b) Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long

including a sit/stand option with ability to change position twice per hour, no climbing ladders, ropes or scaffolds, no kneeling, and no lifting greater than five pounds overhead with the right arm (Tr. 26). Plaintiff was also limited to simple, routine, repetitive tasks and unskilled, non-production rate work with no constant changes in routine, complex decision making, or dealing with crisis situations. Id. Plaintiff was further restricted to jobs requiring no more than occasional interactions with the public, supervisors, and co-workers. Id. Finally, the ALJ found that Plaintiff could stay on task for two hours at a time throughout the workday, but was limited to jobs that allowed one unscheduled absence per month. Id.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the

---

periods of time. 20 C.F.R. § 404.1567(b).

4

record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

The ALJ engaged in a detailed discussion of the medical record. (Tr. 16-34). He gave "great weight" to the State agency medical consultants whose reports support the physical RFC finding. (Tr. 33). An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff challenges the ALJ's failure to "provide an adequate explanation as to why he afforded more or less weight to the objective medical opinions of record." Plaintiff's "Memorandum ..." at 19 (document #13). Under the relevant regulations, an opinion from a treating source on the nature and severity of a claimant's impairments may be given controlling

5

weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. See 20 C.F.R. § 416.927(c)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' … or has failed to give a sufficient reason for the weight afforded a particular opinion." Dunn v. Colvin, 607 Fed. App'x 264, 267 (4th Cir. 2015) (internal citations omitted); see also McDowell v. Astrue, No. 3:11-CV-652–RJC–DSC, 2012 WL 4499336, at *3 (W.D.N.C. Aug. 2, 2012).

The ALJ properly evaluated the medical opinions of record. Plaintiff fails to raise any "specious inconsistencies" or insufficient reasoning by the ALJ that would warrant disturbing his assessment of any treating physician's opinion. (Tr. 26-34). Rather, the ALJ's decision to give varying degrees of weight or no weight to the five medical source statement disability forms provided by Plaintiff's attorney (two completed by Doctors Gilchrist and Zimmer and one by Dr. Norcross) is supported by substantial evidence. (Tr. 31). The ALJ found these statements to be inconsistent with each other and with the medical records. (Tr. 31, 691, 693, 695). The ALJ also found that those opinions were inconsistent with Plaintiff's wife's third-party function report. (Tr. 31, 277-79). She reported that Plaintiff attended church three times per week, mowed the lawn every other week, rode his motorcycle, and attended group motorcycle meetings. Id. Plaintiff told his physical therapist that he conducted weddings as a "bike minister." (Tr. 24, 706, 708, 710, 712, 714, 890).

To the extent that Plaintiff challenges the ALJ's credibility determination, the Court finds that he applied the correct legal standard and his credibility determination is supported by substantial evidence. Consistent with the governing regulations, the ALJ considered Plaintiff's subjective

statements as to the limitations caused by his impairments (Tr. 26-34); 20 C.F.R. § 404.1529 (setting out a two-part standard for evaluating a claimant's subjective complaints). After summarizing those subjective statements, the ALJ discussed the objective evidence of record as well as the opinion evidence of record. Id. The ALJ adequately explained his conclusion that the evidence did not support the limitations claimed by Plaintiff.

Although the medical records establish that Plaintiff experienced health issues to some extent, as the Fourth Circuit has noted it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records, Plaintiff's testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion For Judgment on the Pleadings" (document #12) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #14) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: June 26, 2019

David S. Cayer
United States Magistrate Judge